No. 5797.

PETER MENGES *v.* THE STATE.

1. THEFT—EVIDENCE.—CONSPIRACY to commit crime can not be proved by one of the conspirators, but must be proved *aliunde.* See the opinion for evidence *held* insufficient to establish a conspiracy to steal cattle.
2. SAME—DECLARATIONS—CASE OVERRULED.—The declarations of a conspirator are not admissible in evidence against his confederate, unless they were made pending the conspiracy, and before the same was consummated, and were in furtherance of the common design. See the opinion for the declarations of a confederate *held* to have been improperly admitted in evidence. And note that, upon this question, the case of Menges v. The State, 21 Texas Court of Appeals, 413, is overruled.
3. SAME—FACT CASE.—See the opinion in this case, and the statement of the case in Menges v. The State, 21 Texas Court of Appeals, 413, for evidence *held* insufficient to support a conviction for cattle theft.

APPEAL from the District Court of Menard, on change of venue from Kimble. Tried below before the Hon. A. W. Moursund.

This is the appellant's second appeal from conviction for the theft of one head of cattle, a term of two years in the penitentiary being the penalty assessed against him. The proof adduced upon this trial was substantially the same as that adduced upon the previous trial, which will be found fully summarized in the report of that case, commencing on page 413 of the twenty-first volume of these Reports.

No brief for the appellant has reached the Reporters.

*W. L. Davidson,* Assistant Attorney General, for the Stat

HURT, JUDGE. The indictment was presented in the district court of Kimble county, and the venue was changed to Menard county. Two questions are presented for decision:

First. The admissibility of the statements of the brothers of the appellant when found in possession of a drove of cattle, in which was the animal alleged to have been stolen. Second. The sufficiency of the evidence to support this conviction, conceding that said statements are competent evidence against the appellant.

The steer of the prosecutor Anderson was last seen on its range about the last of February or the first of March, 1884. On the last of June or the first of July, 1884, Tony Menges and Rheinhart Menges were found in possession of a herd of cattle, consisting of about two hundred and fifty or two hundred and eighty head, about one hundred miles west of Kimble county. It appears that the appellant and William Menges were about twelve miles from the point at which the cattle were found, with a broken down wagon. Peter's wife and children were with them. The wagon was loaded with household effects. The country was rough at that place. When asked their names by the sheriff they answered, giving their names correctly. When Tony and Rheinhart were asked, when found in possession of the herd, to whom the cattle belonged, they replied that they belonged to them and to their brothers, who were behind with a broken-down wagon. To the introduction of this statement the defendant objected, because hearsay and irrelevant. The objections were overruled and he reserved his bill. Was the statement competent evidence? The only ground upon which it is contended by the State that it was competent is that a conspiracy between all the Menges having been shown to exist, the

statement was admissible. The conspiracy can not be proved by a coconspirator, but must be shown *aliunde*. What, then, are the facts, independent of this statement, by which the conspiracy is shown?

First. Appellant was the brother of the parties in possession of the stolen cattle. He, his wife and children, were seen twelve miles from the herd with a broken down wagon, loaded with household effects. Second. When on his way from Del Rio, the witness Morris met the defendant and William Menges about ten or twelve miles from the cattle, and they asked him if he had seen the cattle, they said they had been to Del Rio, which was about fifty miles from the cattle.

These are the facts upon which the prosecution relies to show a conspiracy between these brothers to steal the animal described in the indictment. Taken singly or as a whole, they are not inconsistent with the innocence of the accused. As the conclusion can not be more certain than the facts from which it is reached, certainly there should be evidence reasonably tending to establish the conspiracy, before the acts and declarations of others are received in evidence as the acts and declarations of the accused. We are of the opinion that the facts are not sufficient to show a conspiracy.

But concede the conspiracy; yet to be competent evidence, the conspiracy must be *in esse*, not consumated, when the acts and declarations were performed and made, and hence the inquiry was the conspiracy pending, or was it at an end when the statement of Tony and Rheinhart was made? Looking to any fact, or to all the facts, which can possibly be construed into evidence tending to show conspiracy, where, in this record, do we find the slightest intimation that there remained anything to be performed in order to perfect the matters embraced in the common design. The theft was completed—perfected—in Kimble county, one hundred miles away. The cattle had been driven out of Kimble county; and there is no evidence showing an intention to drive further. If at an end, though the conspiracy may have existed, the declarations are not admissible. Hence the necessity, and the burden is on the State, to show that the purpose and object of the conspiracy had not been attained, and the conspiracy ended. Where, in this record, can evidence to this effect be found? There being no such evidence, the declarations were not admissible.

But let us grant for the argument that the conspiracy is

shown, and that it was not consummated when the declarations were made by Tony and Rheinhart Menges; still, to be competent evidence against the accused, "the acts and declarations must have been in furtherance of the common design." This proposition is well settled by all the authorities. (3 Greenl. Ev., 94; United States v. Gonerill, 8 Crim. Law Mag., 614; Phillips's Ev., 200 and 201; Starkey's Ev., 326.)

In what manner, therefore, did the statement "that the cattle belonged to Tony, Rheinhart, William and defendant," tend to further the common design? What unfinished portion of the common design was forwarded, finished or assisted by the statement? What fact was concealed in order that the common design might be consummated? These questions are not answered in this record; hence we conclude that the statement was clearly hearsay, and not competent evidence against this appellant.

But admit the competency of the statement, and the question remains: Is the evidence sufficient to support the verdict? We think not, and our reasons are: We are not informed as to the residence of the accused. Did he live in Kimble county, where the steer was stolen? If not, where did he live? There is no proof that he was ever seen in that county, nor at any other place except in the neighborhood of the spot where the wagon was situated. There is no evidence that he was ever with the herd of cattle at any time. Again, let us grant that he had an interest in the herd. What was his interest? Was it a joint interest in all the cattle; or did he own or claim only a part of the cattle? If the latter, this fact was not inculpatory. He may have owned cattle in Kimble county, or in that region of country, and procured his brothers to drive them to the vicinity of Beaver Lake, and he may have been on his way to meet them, and was prevented from reaching the herd and his brothers by the breaking of his wagon. The law presuming innocence and not guilt, we should indulge in any and all hypotheses consistent with innocence. Indeed, the hypothesis of innocence must be to a moral certainty inconsistent with the facts; nothing but guilt must appear from the facts, and that beyond a reasonable doubt.

Let us go back for a moment. The statement that the cattle belonged to Tony, Rhinehart and William Menges and defendant may have been true, without connecting appellant with the stolen cattle in any manner. To prevent this conclusion, we

must construe the statement to mean that appellant had a joint interest in or claimed jointly all the cattle. If this construction is correct, then the statement is inculpatory, if he knew the stolen stock was in the herd. But while the most of the two hundred and fifty or two hundred and eighty head had been stolen, still there were about eighty head turned over to William Menges after the boys had been placed in jail. It may be he owned or had an interest in these cattle that were turned over to William. If so, the statement was correct, and yet consistent—at least not inconsistent with his innocence. We are of the opinion that the evidence is not sufficient to support the verdict.

When the case was previously before us, we held the declarations of Tony and Rheinhart competent evidence against appellant, and the writer concurred in the opinion. But, after investigating this subject in other cases, I have been led to a different conclusion, and consistency must yield to conviction of what is right and just. (Menges v. The State, 21 Texas Ct. App., 413.) For the reasons above given, the judgment should be reversed and the cause remanded.

*Reversed and remanded.*